**Harold DAMES, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.**

**No. 73–1093.**

United States Court of Appeals, Fifth Circuit.

April 1, 1974.

Samuel S. Forman, Miami, Fla., (Court-appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Arnold R. Ginsberg, Linda C. Hertz, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before RIVES, GEWIN and RONEY, Circuit Judges.

PER CURIAM:

Harold Dames appeals from the district court's judgment denying his application for a writ of habeas corpus.  He was convicted on November 19, 1969 of

robbery and sentenced to fifteen years' imprisonment. His conviction was subsequently affirmed. Dames v. State, 235 So.2d 556 (Fla.App.Ct.1970). Thereafter at his behest, his conviction was set aside for grounds not clearly revealed by the record before us and he was granted a new trial.

Dames and his court-appointed counsel then entered into a negotiated plea whereby as a result of his plea of guilty to the robbery charge, he would be given a seven-year sentence with credit on the sentence for a six-month period of time out of the two years he had previously served on the vacated conviction. Accordingly, on August 5, 1971, the state trial court accepted Dames' tendered guilty plea. At that time the following colloquy ensued:

> Mr. Taffner [Dames' court-appointed counsel]: May it please the Court, . . ., the Defendant wishes to withdraw his plea of not guilty on the charge of robbery based upon the negotiations between counsel for the defendant and the counsel for the State Attorney's Office, *with the approval of the defendant.* (Emphasis added)
>
> \* \* \* \* \* \*
>
> The Court: What are the negotiations?
>
> Mr. Taffner: The negotiations are a seven-year sentence with credit from February 5, 1971.

After discussing the nature of the offense with Dames, the court directed these pertinent questions to him:

> The Court: Have you discussed your plea of guilty with your attorney?
>
> The Defendant: Yes, sir.
>
> The Court: Did you agree to plead guilty?
>
> The Defendant: On my own.
>
> The Court: Did you understand your lawyer?
>
> The Defendant: Yes, sir.
>
> The Court: Are you satisfied with him?
>
> The Defendant: Yes, sir.

> The Court: By your plea of guilty, you admit to all the facts; do you know that?
>
> The Defendant: Yes, sir.
>
> The Court: With your plea of guilty, do you understand that you are going to receive seven years in the state penitentiary?
>
> The Defendant: Yes, sir.
>
> The Court: Do you understand me?
>
> The Defendant: Yes, sir.
>
> The Court: Are you pleading guilty knowing that you will receive or will be sentenced to seven years at the state penitentiary?
>
> The Defendant: Yes, sir.
>
> The Court: Accordingly, I adjudicate you guilty and sentence you to the state penitentiary for seven years and credit you for time served beginning February 5, 1971.
>
> Did you get what you bargained for in this sentence?
>
> The Defendant: Yes, sir.

In his petition below and on this appeal Dames has contended that he is entitled to receive credit for the total two years of incarceration that followed his original conviction for robbery in 1970. He asserts that the trial court's failure to credit him with this period of time violates the prescriptions enunciated by the Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1972). We find this contention to be without merit and affirm.

The record demonstrates that Dames was aware that he would receive a seven-year sentence for his guilty plea and credit for six months previously served. As a result of Dames' successful attempt to have his previous sentence of fifteen years vacated, he received a greatly reduced seven-year sentence. Moreover, even with this reduced sentence, the negotiated plea provided for six months credit, representing part of the time he had previously served under the vacated sentence.

We are at a loss to discern how the teachings of *Pearce* have been violated.

Appellant has not been punished for exercising his appellate or post-conviction rights which culminated in the state court vacating his original conviction. Indeed, the present record aptly demonstrates that his endeavors were rewarded with a much shorter sentence. The sentencing court surely considered appellant's previous fifteen-year sentence and the time appellant had previously served. The six-month credit provision is an explicit recognition by all concerned of the time served on the vacated sentence. *See* Adams v. Wainwright, 453 F.2d 416 (5th Cir. 1972).

Appellant has received what he intelligently and voluntarily bargained for with the aid of his counsel. At the time of his guilty plea, appellant informed the court that the sentence imposed together with the six-month credit time were the fruits of his negotiated bargain with the state prosecutor. We refuse to undo by post-conviction relief an explicit understanding made at the sentencing stage based on belated and self-serving contentions. *See* Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

The judgment of the district court is affirmed.